UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-20699

ANGEL ALBERTO CABRERA,

    Plaintiff,

vs.

PEDRAIL SYSTEMS LLC,
MIGUEL ANGEL VILA AND
MARIA A. VILLAREAL,

    Defendants.

_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Angel Alberto Cabrera, sues Defendants, Pedrail Systems LLC, Miguel Angel Vila, and Maria A. Villareal, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Angel Alberto Cabrera**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Pedrail Systems LLC,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

6. **Defendant, Miguel Angel Vila,** was and is an owner/officer/director/manager

1

of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Miguel Angel Vila, ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. **Defendant, Maria A. Villareal,** also was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Maria A. Villareal, also ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

9. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

10. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

12. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

13. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used

2

instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their construction involving pathways, bike lanes, handrails, guardrails, fencing, signage, earthwork, paving, concrete, and utility work.

15. Defendants, at all times material, engaged in interstate commerce in the course of their management, construction, and use of lumber, metals, concrete, hand tools, fasteners, and materials, and supplies which were placed in the stream of commerce from outside of the State of Florida and then incorporated these raw materials and supplies using materials (equipment) that also was placed into the stream of interstate commerce into the construction and construction management performed by Defendants.

16. Defendants also manufacture their Pedestrian Longitudinal Channelizing Device using metals, fasteners, materials, and supplies which traveled in interstate commerce, and then market/sell the completed Pedestrian Longitudinal Channelizing Devices to locations outside of the State of Florida.

17. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange, and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

18. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time period and/or exceed $125,000.00 for each fiscal quarter in which Plaintiff worked.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

19. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

20. Plaintiff worked for Defendants from approximately early April 2021 until February 18, 2022.

21. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

22. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his work in utilizing lumber, hand tools, and fasteners that arrived from outside of the State of Florida in performing his work forming, pumping, and then removing the forming from the concrete once cured.

23. Defendants paid plaintiff a salary of $1,500.00 for week that he worked.

24. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

### *Liability*

25. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate of pay for all hours worked over 40 hours in a given workweek.

26. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

27. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage

4

Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

28. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

29. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

30. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Angel Alberto Cabrera, demands the entry of a judgment in her favor and against Defendants, Pedrail Systems LLC, Miguel Angel Vila, and Maria A. Villareal, jointly and severally after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

    f.   That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.   Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Angel Alberto Cabrera, demands a trial by jury of all issues so triable.

Respectfully submitted this 8th day of March 2022,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:     305.230.4884
> *Counsel for Plaintiff*

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*